IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHANDA MATHIS o/b/o
DAWAN MATE,

    Plaintiff,

v.

CASE NO. 2:10-cv-668

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE TERENCE P. KEMP

    Defendant.

## ORDER

This social security case was filed by Dawan Mate, who seeks review of a final decision of the Commissioner of Social Security denying his application for supplemental security income benefits. The complaint alleges disability due, in part, to psychological impairments including bipolar disorder. Shanda Mathis, who appears to be Mr. Mate's attorney-in-fact, signed the complaint on his behalf.

An attorney-in-fact who is not an attorney at law is not permitted to pursue a legal action of behalf of another. See 28 U.S.C. §1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel...."); *see also Disciplinary Counsel v. Coleman*, 88 Ohio St. 3d 155, 157 (2000)("the use of a power of attorney as a contract to represent another in court violates the laws of Ohio"). This Court has reached the same conclusion in other cases where a person holding a general power of attorney has attempted to represent the grantor of that power in court. *See Damron v. Sims*, 2010 WL 2663207, *1 (S.D. Ohio February 9, 2010)("receiving power of attorney does not authorize a person to engage in the

practice of law in Ohio ...").

Rather than strike the complaint, however, as well as the statement of errors which Ms. Mathis filed on Mr. Mate's behalf, the Court elected to appoint counsel to represent Mr. Mate so that he could properly pursue this case. The Court also asked appointed counsel to advise the Court concerning the appointment of a guardian ad litem, something that Ms. Mathis had moved for on Mr. Mate's behalf. Counsel filed a status report on August 12, 2011, stating his belief that such an appointment was necessary because Mr. Mate had suffered a traumatic brain injury and had been awarded SSI benefits at one time based on that injury, and because there is "substantial evidence in the record documenting severe mental illness." *See* ECF Doc. No. 30, at 2. The Commissioner has also agreed that such appointment is necessary based on the fact that Mr. Mate's mental impairment "potentially makes it difficult, if not impossible, for Mr. Mate to represent himself or to make decisions regarding the prosecution of his federal court appeal." *See* ECF Doc. No. 33, at 1. Ms. Mathis has now withdrawn her request for a guardian ad litem, but because she had no ability to file such a request in the first instance, the Court deems her withdrawal of that request to be without significance.

Fed.R.Civ.P. 17(c)(2) provides, in part: "The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Such an appointment may be made under a variety of circumstances, including where there is "verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent ... ." *See Ferelli v. River Manor Health Care Center*, 323 F.3d 196, 201 (2d Cir. 2003). Here, there is certainly evidence in the record of proceedings before the Social

2

Security Administration of a mental illness that is of the type to render a person legally incompetent, and appointed counsel's observations bear that out. The Court will therefore appoint a guardian ad litem under Rule 17(c)(2).

The Court has contacted attorney Samuel A. Peppers, III, of the firm of Dinsmore & Shohl, LLP, who has substantial experience in this area, and has determined that he is both capable and willing to serve as Mr. Mate's guardian in this case. The Court therefore **APPOINTS** Mr. Peppers as guardian ad litem for plaintiff Dawan Mate for the sole purpose of representing Mr. Mate's interests in this litigation. Mr. Peppers' duty is to "make[] an objective determination of what is in the best interests" of Mr. Mate with respect to the prosecution of this social security case, *see Robertson v. Central Jersey Bank & Trust Co.*, 834 F. Supp. 705, 709 (D.N.J. 1993), and he shall confer with counsel for Mr. Mate in making that determination. Mr. Peppers shall have full authority to make all decisions on Mr. Mate's behalf with respect to filings made in this case in keeping with his duty to act in Mr. Mate's best interests, again viewed from an objective vantage point, which may or may not be in keeping with Mr. Mate's expressed desires. At the conclusion of the litigation, Mr. Peppers may present a statement to the Court for services rendered, which the Court will review for reasonableness.

Based on this appointment and upon the appointment of counsel, the Court **STRIKES** the statement of errors (#17) which was filed by Ms. Mathis, as well as the motion she submitted for appointment of a guardian ad litem (#24), as having been improperly filed. The Commissioner's motion to dismiss for non-attorney representation (#23) is **DENIED AS MOOT**. Plaintiff, through counsel, shall file a statement of errors within forty-five days of the date of this order. The prior scheduling order shall apply to any responsive and reply memoranda.

3

**IT IS SO ORDERED.**

10-27-2011
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE