IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHANDA MATHIS o/b/o
DAWAN MATE,

    Plaintiff,

v.

CASE NO. 2:10-cv-668

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kemp

    Defendant.

## ORDER

This social security disability case was originally filed by Shanda Mathis, purporting to act on behalf of Dawan Mate, the individual who had applied for and had been denied benefits. To a certain point, the case proceeded in the traditional manner; the Commissioner filed an answer, and Ms. Mathis filed a statement of errors. However, rather than responding to that statement of errors, the Commissioner moved to dismiss the case on grounds that, as a non-attorney, Ms. Mathis lacked the authority to proceed on Mr. Mate's behalf.

In response to that motion, Ms. Mathis filed a motion for the appointment of a guardian *ad litem*, and she made a number of other filings as well. In an order filed on July 13, 2011, the Court determined that it should appoint an attorney to represent Mr. Mate, and that the attorney who was being appointed (Thomas A. Hampton, Esq.) should advise the Court about the need for a guardian. He subsequently reported to the Court that such an action was advisable, and on October 27, 2011, the Court appointed Samuel A. Peppers, III, as guardian *ad litem* under

Fed.R.Civ.P. 17(c). In that same order, the Court denied the motion to dismiss as moot, struck Ms. Mathis' prior filings, and directed attorney Hampton to file a statement of errors within 45 days.

This effort to protect Mr. Mate's interests, and to move this case to completion, did not go unchallenged. On November 22, 2011, Ms. Mathis filed a motion to vacate the order appointing Mr. Peppers as guardian *ad litem*, and also to vacate the appointment of Mr. Hampton as counsel, arguing that she should be permitted to pursue the case as Mr. Mate's "next of friend/legal guardian" and that a different attorney should be appointed to represent him. She did not mention in that motion that she had been appointed as Mr. Mate's guardian by the Franklin County Probate Court. However, counsel subsequently submitted a copy of letters of guardianship issued by that Court on October 26, 2011, which appointed Ms. Mathis guardian of Mr. Mate. The letters indicate that she is the guardian of his "person only" and not guardian of his estate. In that same filing (ECF No. 38), counsel sought guidance on how to proceed, given the fact that Ms. Mathis has attempted to direct his actions in this case, and that her directions are not consistent with those given by Mr. Peppers. The question before the Court is the effect, if any, of the Franklin County Probate Court's action on the authority of Mr. Peppers to act on Mr. Mate's behalf in the context of this specific lawsuit.

The answer to that question depends upon the law of the State of Ohio. Under Ohio law, a guardian of the person has these powers:

(1) To protect and control the person of the ward;

(2) To provide suitable maintenance for the ward when necessary, which shall be paid out of the estate of such ward upon the order of the guardian of the person;

2

> (3) To provide such maintenance and education for such ward as the amount of the ward's estate justifies when the ward is a minor and has no father or mother, or has a father or mother who fails to maintain or educate the ward, which shall be paid out of such ward's estate upon the order of the guardian of the person;
>
> (4) To obey all the orders and judgments of the probate court touching the guardianship.

Ohio Rev. Code §2111.13. Subsection (C) of that statute also provides that "[a] guardian of the person may authorize or approve the provision to the ward of medical, health, or other professional care, counsel, treatment, or services unless the ward or an interested party files objections with the probate court, or the court, by rule or order, provides otherwise." By contrast, a guardian of the estate is required to submit an initial inventory of the estate, to manage the estate in the ward's best interests, to pay and collect debts owed by or to the estate, and "to bring suit for the ward when a suit is in the best interests of the ward." Ohio Rev. Code §2111.14.

The statutory language itself suggests that the power to initiate and to manage a lawsuit, especially one which seeks to obtain a monetary award which will become property of the ward's estate, resides in the guardian of the estate and not in the guardian of the person. Ohio case law bears this out. For example, in *Maylin v. Cleveland Psychiatric Institute*, 52 Ohio App.3d 106, (Franklin Co. App. 1988), the guardian of the person of an incompetent ward filed suit against the Cleveland Psychiatric Institute seeking damages for injuries sustained by the ward after she jumped from a second-story window. The court determined this to be improper, holding that "appellant's guardian could not bring a cause of action on behalf of his ward under any circumstances since he was appointed only guardian of the person for appellant," and that " the person who is responsible for bringing suits on behalf of a ward is the guardian of the estate." *Id.* at 108. *See also In re Guardianship of Bombrys*, 2008 WL 2940798, *2 (Lucas Co. App. August

3

1, 2008)("The right to bring suit ... does not adhere to the guardian of the person-only, who has no statutory authority for such a venture"). Thus, Ms. Mathis has not, by her appointment as guardian of Mr. Mate's person, acquired any right to bring or to manage litigation on his behalf.

The fact that Ms. Mathis may not make decisions about the pending case due to the statutory limits on the powers of guardians of the person does not definitively answer the question of whether this Court may appoint a guardian *ad litem* to take those actions. It could be questioned whether such an appointment is consistent with the fact that Mr. Mate also has a guardian of the person. However, it appears to be common practice in Ohio for a court to appoint both a guardian *ad litem* and other types of guardians for the same person. *See, e.g., In re Guardianship of Lombardo,* 86 Ohio St. 3d 600 (1999), where the probate court appointed a guardian *ad litem* to determine if a guardian of the incompetent's estate should be appointed, and to recommend whether either of that person's children should serve in that role; *see also In re Guardianship of Thomas*, 2008 WL 2081274 (Monroe Co. App. May 12, 2008), where a guardian *ad litem* was appointed for an incompetent person who was already a ward of a guardian of the estate. Further, such an appointment is consistent with Fed.R.Civ.P. 17(c), the rule under which this Court has appointed Mr. Mate's guardian *ad litem*. As the court in *Thomas v. Humfield,* 916 F.2d 1032, 1035 (5th Cir. 1990) explained, "the term 'incompetent person' in Rule 17(c) ... refer[s] to a person without the capacity to litigate under the law of his state of domicile." Neither Mr. Mate (because he is incompetent) nor Ms. Mathis (because she is only the guardian of Mr. Mate's person, and not of his estate) has the capacity to litigate under the law of Ohio. Therefore, the Court acted within its power in appointing a guardian *ad litem* for that purpose.

4

In short, despite the fact that Ms. Mathis is now officially the guardian of Mr. Mate's person, nothing about this case has changed. Mr. Peppers is the properly appointed guardian *ad litem* for purposes of this litigation only, and Mr. Hampton is the properly appointed attorney. Nothing in Ms. Mathis' latest filing indicates in any way that either of these gentlemen are not properly discharging their duties, and there is substantial question about whether Ms. Mathis even has standing to contest the Court's order, given her limited powers under Ohio law. For these reasons, her motion to vacate the Court's order appointing a guardian *ad litem* (ECF No. 35) is **DENIED**. The consent motion for an extension of time to file a statement of errors (ECF No. 38) is **GRANTED**. Plaintiff shall file a statement of errors, or other potentially dispositive filing, by March 21, 2012.

**IT IS SO ORDERED.**

3-9-2012
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

5