IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHANDA MATHIS o/b/o
DAWAN MATE,

      Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

CASE NO. 2:10-cv-668

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kemp

## ORDER

On June 5, 2012, the Court remanded this case to the Commissioner of Social Security for further administrative proceedings. More than six months later, plaintiff filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). He asserts that the judgment should be vacated due to fraud. The Court will deny the motion.

During the course of this case, the Court found that plaintiff required the services of a guardian *ad litem* and appointed a guardian, as well as an attorney, to represent his interests. The guardian and counsel agreed that a remand would be in plaintiff's best interest and obtained an agreement from the Commissioner for such relief.

Plaintiff's current motion was filed *pro se*. Given that his court-appointed guardian and his attorney did not participate in filing the motion, it is technically improper. However, given that the allegation in the motion is that the attorney and guardian committed fraud on the Court, the Court will consider the motion on its merits.

Plaintiff appears to rely on two bases for his motion. The first is that the attorney and

guardian were operating under a conflict of interest when they agreed to a remand because they were aware that plaintiff did not want a remand, but wanted the Court to rule on a summary judgment motion which had previously been filed. The second is that, as of the date of the filing of the motion, plaintiff had not been notified of any remand proceedings which had taken place.

Fed.R.Civ.P. 60(b)(3) permits the Court to vacate a prior judgment if the judgment was procured by "fraud ..., misrepresentation, or misconduct by an opposing party." Plaintiff has not alleged any fraud by the Commissioner, so that subsection does not apply. Rather, he appears to assert that the conduct of the guardian and appointed counsel is a fraud on the court, a ground for relief which falls within the "savings clause" of Rule 60(d)(3), which provides that Rule 60 does not limit the Court's power to "set aside a judgment for fraud on the court.". *See, e.g., Buell v. Anderson*, 48 Fed. Appx. 491 (6th Cir. Sept. 24, 2002).

It is difficult to prove that a fraud on the Court has occurred. The Court of Appeals has endorsed Professor Moore's explanation of what constitutes such fraud, noting that it "'should embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself," or which "is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases ....'" *Demjanjuk v. Petrovsky*, 107 F.3d 338, 352 (6th Cir. 1993), *quoting 7 Moore's Federal Practice and Procedure* ¶ 60.33. Examples of such conduct include "bribing a judge, employing counsel to exert improper influence on the court, and jury tampering." *See General Medicine, P.C. v. Horizon/CMS Heath Care Corp.*, 475 Fed. Appx. 65, 71 (6th Cir. April 10, 2012). As that case also notes, "courts recognize the extraordinary nature of the remedy and cautioned against expansive use of the doctrine." *Id.* The party asserting a fraud on the Court "has the burden of

2

proving the existence of fraud on the court by clear and convincing evidence." *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009).

No such proof exists here. The Court was well aware that, before counsel and the guardian were appointed, plaintiff (through his attorney-in-fact, who was not authorized to represent him in a court of law) had moved for summary judgment. The fact that the guardian, with the advice of counsel, who is experienced in handling social security disability cases, took a different view and concluded that a remand was in plaintiff's best interest is neither a conflict of interest or a fraud on the Court. Nothing about that action prevented the Court from performing its usual function of adjudicating this case. The claim of fraud is wholly without merit.

The Court is concerned, however, that, at least according to plaintiff, nothing has occurred to implement the remand order. Counsel is therefore directed to investigate that matter and, if appropriate, may move this Court for supplemental relief if the remand proceedings appear to have been unreasonably delayed.

For all these reasons, the motion for relief from judgment (Doc. 50) is **DENIED**.

**IT IS SO ORDERED.**

3-19-2013
**DATE**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**

3